UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO GABRIEL MONTOYA,<br><br>Petitioner,<br><br>v.<br><br>J. ENGLMAN, Warden,<br><br>Respondent. | Case No. 2:23-cv-00723-SPG-AFM<br><br>ORDER TO SHOW CAUSE |

## BACKGROUND

In July 2019 Petitioner entered a plea agreement in the United States District Court for the Western District of Oklahoma. (*See* Western District of Oklahoma Case No. 19-CR-134-R ("Oklahoma Case"), ECF 46.)[1] Pursuant to the agreement, Petitioner pleaded guilty to one count of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846. According to the agreement, Petitioner's maximum sentence based upon that offense was 20 years imprisonment. However, the Government agreed to request a three-level downward adjustment of the Sentencing Guidelines. The Government also agreed to dismiss

---

[1] The Court takes judicial notice of official court proceedings. *See* Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 688–689 (9th Cir. 2001).

other charges. (Oklahoma Case, ECF 46.) On November 20, 2019, Petitioner was sentenced to prison for a term of 144 months. (Oklahoma Case, ECF 60; ECF 1 at 2.)

In October 2021, Petitioner filed a motion in the sentencing court seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release). Petitioner argued that COVID-19 posed an extraordinary risk to him due to his age (then 69) and health conditions. (Oklahoma Case, ECF 67.) The district court denied the motion on December 15, 2021. (Oklahoma Case, ECF 74.) Petitioner appealed, and the Tenth Circuit affirmed. *United States v. Montoya*, 2022 WL 3207615 (10th Cir. Aug. 9, 2022).

On January 26, 2023, Petitioner, who is currently incarcerated at the Federal Correctional Institution in Terminal Island ("FCI Terminal Island"), filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition challenges the sentence imposed by the Western District of Oklahoma. Specifically, Petitioner alleges that he has been denied equal protection because he has not been granted the same downward departure that other defendants pleading guilty have received. According to Petitioner, some United States Attorney's Offices are offering defendants four-level downward departures based upon COVID-19 factors. Petitioner seeks a "four point variance" of his sentence which would effectively grant him immediate release from custody. (ECF 1 at 10-13.)

The petition also alleges that FCI Terminal Island is overcrowded; the Bureau of Prisons has "conceded" that they cannot keep the prison population safe from COVID-19; and the government's failure to protect Petitioner from "widespread outbreak of a serious contagious disease … constitutes deliberate indifference in violation of the Eighth Amendment…." (ECF 1 at 11-12.)[2]

---

[2] The Court notes that on February 6, 2023 – shortly after he filed the present petition – Petitioner filed a second motion for compassionate release under the First Step Act. The motion includes allegations regarding the United States Attorney's Offices that are offering sentence reductions in plea agreements based upon COVID-19. (Oklahoma Case, ECF 84.)

2

**DISCUSSION**

A habeas petition brought under 28 U.S.C. § 2241 is subject to the same screening requirements that apply to habeas petitions brought under 28 U.S.C. § 2254. *See* Habeas Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under 28 U.S.C. § 2254). Accordingly, a district court "must promptly examine" the petition and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the "judge must dismiss the petition." Habeas Rule 4; *Mayle v. Felix*, 545 U.S. 644, 656 (2005). For the following reasons, Petitioner is ordered to show cause why the petition should not be dismissed for lack of jurisdiction.

Generally, a federal prisoner seeking to test the legality of his detention must do so by filing a motion pursuant to 28 U.S.C. § 2255. *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012); *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008). Challenges to the legality of a conviction or sentence must be brought in the sentencing court, while challenges to the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court. *Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012); *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

There is a narrow exception allowing a federal prisoner to seek relief under § 2241 if the prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see Harrison*, 519 F.3d at 956. This exception is referred to as the "savings clause" or the "escape hatch." *Hernandez*, 204 F.3d at 864 n.2; *see Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). This narrow exception to § 2255 does not apply "merely because § 2255's gatekeeping provisions," such as the statute of limitation or the limitation on successive petitions, prevent the courts from considering a § 2255 motion. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003). The Ninth Circuit has held that a petition meets the savings clause criteria of § 2255 "when a petitioner (1) makes a claim of actual innocence,

and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison*, 519 F.3d at 959 (quoting *Stephens*, 464 F.3d at 898).

A claim of actual innocence for purposes of the savings clause requires petitioner to demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Stephens*, 464 F.3d at 898 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Further, a claim of actual innocence requires that the petitioner show factual innocence — mere legal insufficiency of the evidence against him is not enough. *Muth*, 676 F.3d at 822 (citing *Bousley*, 523 U.S. at 623).

The petition does not challenge "the manner, location, or conditions of a sentence's execution." *See Harrison*, 519 F.3d at 956. Rather, Petitioner alleges that his sentence is unconstitutional because he did not receive a downward due to the circumstances presented by COVID-19. Accordingly, Petitioner's allegations challenge the validity of his sentence and are properly raised in section 2255 motion filed in the sentencing court. *See Cortez-Felix v. Englman*, 2023 WL 172013, at *2 (C.D. Cal. Jan. 12, 2023) (the petitioner's claim that his "sentence violates due process and equal protection because he did not receive a downward departure due to COVID-19, even though the United States Attorney's Office has a policy in effect that allows such a downward departure" must be raised in a section 2255 motion); *Martinez v. Warden FCI Hazelton*, 2021 WL 4483406, at *7 (C.D. Cal. July 7, 2021) (claim seeking sentence reduction and readjustment of the sentencing guidelines applicable to sentence must be presented to the sentencing court in a section 2255 motion), *report and recommendation adopted*, 2021 WL 4478382 (C.D. Cal. Sept. 30, 2021); *Mejia-Lopez v. United States*, 2017 WL 3189935, at *1 (E.D. Cal. July 27, 2017) ("a prisoner who contends that he was entitled to a downward departure under federal sentencing guidelines, challenges the legality of his current sentence" and "[s]uch a request is properly filed under § 2255 in the sentencing court"). Thus, Petitioner can proceed in this Court – that is, the "custodial" court – only if he

demonstrates that the "escape hatch" provision applies.

Petitioner has not done so. Petitioner does not allege that he is actually innocent of the crime to which he pleaded guilty, nor does he allege that he is "actually innocent" of his sentence. Petitioner contends that his sentence violates due process and equal protection because he did not receive a downward departure due to COVID-19, even though some United States Attorney's Offices have a policy allowing such a downward departure to other defendants. This contention is not an "actual innocence" claim for purposes of the § 2255(e) escape hatch. *See, e.g., Marrero*, 682 F.3d at 1193, 1195 (holding that a purely legal argument that a petitioner was wrongly classified as a career offender under the Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch). Thus, Petitioner has not alleged, let alone demonstrated, that he is actually innocent as required to proceed under the § 2255(e) "escape hatch."

Because Petitioner has not demonstrated that the savings clause applies to his claim, he may not bring challenge his conviction in a § 2241 petition in this Court but must raise it in a § 2255 motion.[3] As mentioned, a § 2255 motion must be filed before the sentencing court – that is, the United States District Court for the Western District of Oklahoma – and this Court lacks jurisdiction over Petitioner's claims.

Finally, Petitioner's complaints about the conditions at FCI Terminal Island are not cognizable in this proceeding. A habeas petition generally challenges only the validity or duration of confinement rather than the conditions of confinement. *See Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc); *Muhammad v. Close*, 540 U.S. 749, 750 (2004). To the extent Petitioner seeks to raise a claim of deliberate indifference to serious medical needs under the Eighth Amendment, his claim does not challenge the execution of his sentence and is not cognizable under § 2241.

---

[3] Petitioner previously filed a § 2255 motion, and a new motion may be barred as successive. However, § 2255 is not inadequate merely because a new motion might be dismissed as successive. *See Ivy*, 328 F.3d at 1059.

Instead, Petitioner's claim must be raised, if at all, by way of a civil rights complaint pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), or through some other form of civil action. *See Martinez*, 2021 WL 4483406, at *7 (allegations of inadequate medical care and deliberate indifference were not cognizable under section 2241 and must be raised in a separate civil action).

## ORDER

Petitioner is ordered to show cause on or before **April 17, 2023** why this action should not be dismissed without prejudice for lack of jurisdiction. Specifically, Petitioner must set forth clearly the basis for his claim that he is actually innocent and otherwise demonstrate that he is entitled to rely upon the savings clause.

Petitioner is cautioned that failure to timely file a response to this order may result in dismissal of this action without prejudice for lack of jurisdiction, for failure to comply with court orders, or for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

DATED: 3/15/2023

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE